**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | |
|---|---|
| HARRY SCHURR, <br> LISA SCHURR, <br> HARRY SCHURR AND LISA SCHURR ON <br> BEHALF OF MINOR CHILD R.S., <br><br> Plaintiffs, <br><br> v. <br><br> MJJ VENTURES LLC D/B/A TAYLOR'S <br> NATURALS, <br> BURCH BOTTLE & PACKAGING, INC., <br> BOB'S RED MILL NATURAL FOODS, INC., <br> DUDA ENERGY LLC, <br> IL HEALTH & BEAUTY NATURAL OILS CO., <br> INC. d/b/a HEALTH & BEAUTY NATURAL <br> OILS, <br> PARENT FAVES, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   No. 4:25-cv-00089-TWP-KMB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING DEFENDANTS HBNO AND BURCH'S**
**MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

This matter is before the Court on Motions to Dismiss for Lack of Personal Jurisdiction

filed pursuant to Federal Rule of Civil Procedure 12(b)(2) by Defendants IL Health & Beauty

Natural Oils Co., Inc. d/b/a Health & Beauty Natural Oils ("HBNO") (Filing No. 72) and Burch

Bottle & Packaging, Inc. ("Burch") (Filing No. 80). Plaintiffs Harry Schurr and Lisa Schurr

(together, "Plaintiffs") initiated this action on behalf of themselves and minor child R.S., after R.S.

was allegedly exposed to lead in baby toothpaste manufactured and sold by Defendant MJJ

Ventures d/b/a Taylor's Naturals ("Taylor's Naturals"). HBNO and Burch, which allegedly sold

component parts to Taylor's Naturals, now move for dismissal for lack of personal jurisdiction. For

the reasons explained below, the Motions to Dismiss are **granted**, and the claims against HBNO

and Burch are **dismissed without prejudice** without any conditions.

## I.      <u>BACKGROUND</u>

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Amended Complaint and draws all inferences in favor of Plaintiffs as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). These background facts are not intended to provide a comprehensive explanation of all the facts presented in this case; rather, it provides the background relevant to the issues before the Court.

HBNO is a California corporation with its principal place of business in California (Filing No. 33 ¶ 6; Filing No. 74-1 ¶ 3). It owns no real estate in Indiana, has no offices in Indiana, and has no employees in Indiana (Filing No. 74-1 ¶¶ 13–15). In 2025, HBNO's total sales in Indiana represented 0.0004% of overall sales. *Id.* ¶ 12. Its Indiana sales were even less in prior years. *Id.*

Burch is a New York corporation with its principal place of business in New York (Filing No. 33 ¶ 7; Filing No. 80-1 ¶ 3). Burch is not registered with the Indiana Secretary of State, and it does not maintain offices, post office boxes, bank accounts, or telephone numbers in Indiana (Filing No. 80-1 ¶¶ 4–8). Burch does not own or lease property in Indiana, have employees in Indiana, file tax returns in Indiana, or have a registered agent for service in Indiana. *Id.* ¶¶ 9–12.

According to the Amended Complaint, HBNO and Burch both manufactured component parts—specifically, orange oil—that were used by Taylor's Naturals in manufacturing its baby toothpaste. However, all sales of HBNO's orange oil to Taylor's Naturals occurred in Arizona (Filing No. 74-1 ¶¶ 10–11). HBNO did not know that Taylor's Naturals would use the orange oil in its toothpaste, nor did it know that Taylor's Naturals would market or distribute the toothpaste in Indiana. *Id.* ¶¶ 6–9. Burch has never manufactured, sold, or distributed orange oil. Burch instead sells and distributes packaging components (Filing No. 80-1 ¶¶ 13–15). Burch did sell caps to Taylor's Naturals, but the Amended Complaint does not allege that these caps were used in the

2

manufacture of the toothpaste or allege any other connection between the products that Burch distributes and the toothpaste at issue. *Id.* ¶¶ 16–22. Moreover, all the caps sold to Taylor's Naturals were billed to and shipped to an address in Arizona. *Id.* ¶ 31. Burch did not know how Taylor's Naturals would use the caps, that the caps would be used to manufacture toothpaste, or that Taylor's Naturals would market and distribute the toothpaste in Indiana. *Id.* ¶¶ 24–30.

Plaintiffs initiated this action against solely Taylor's Naturals in March 2025 (Filing No. 1). Several months later, Plaintiffs added HBNO and Burch (among others) as defendants after Taylor's Naturals identified several potentially liable nonparties during discovery (Filing No. 31; Filing No. 33). Soon after Plaintiffs filed their operative Amended Complaint, HBNO and Burch filed the instant Motions to Dismiss, which are now ripe for the Court's review.

## II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure Rule 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. When deciding a Rule 12(b)(2) motion, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff if they weigh on personal jurisdiction. *Int'l Med. Grp., Inc. v. Am. Arb. Ass'n*, 149 F. Supp. 2d 615, 623 (S.D. Ind. 2001). The complaint does not need to include factual allegations concerning personal jurisdiction, but if the defendant moves to dismiss under Rule 12(b)(2), the plaintiff "bears the burden of demonstrating the existence of jurisdiction." *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The extent of a plaintiff's burden is dependent upon the method by which the court determines the issue of personal jurisdiction. *Id*. "When the . . . court holds an evidentiary hearing to determine [personal] jurisdiction, the plaintiff must establish [personal] jurisdiction by a preponderance of the evidence." *Id*. But where, as here, the court determines personal jurisdiction based only on reference to submissions of written materials,

the plaintiff simply needs to make a prima facie case of personal jurisdiction. *GCIU-Emp. Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009).

In determining whether the plaintiff has met the prima facie standard, the plaintiff is entitled to a favorable resolution of all disputed relevant facts. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423–24 (7th Cir. 2010). If the defendant has submitted evidence in opposition to the implementation of jurisdiction, however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 782–83. This evidence submitted by the defendant may include affidavits, unless the affidavits merely contain conclusory assertions that the court lacks personal jurisdiction over the defendant. *Id*. at 783 (quoting *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)).

### III.    DISCUSSION

Defendants HBNO and Burch seek dismissal of the claims against them for lack of personal jurisdiction. Plaintiffs do not oppose dismissal but ask that it be conditioned upon Taylor's Naturals being precluded from identifying Burch or HBNO as a non-party for purposes of fault allocation. The Court will first discuss whether the claims against HBNO and Burch should be dismissed for lack of personal jurisdiction, and then address whether dismissal may be conditional.

### A.    Dismissal for Lack of Personal Jurisdiction

Personal jurisdiction over an out-of-state defendant permitted by the Due Process Clause arises in two forms: general personal jurisdiction, which allows a court "to hear any and all claims against [out-of-state defendants] when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State," *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)), and specific personal jurisdiction, which is "confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id.*

4

The Amended Complaint does not allege that HBNO or Burch has offices, employees, or property in Indiana, so there is no basis for general jurisdiction. To establish specific personal jurisdiction, the defendant must have "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (quoting *Int'l Shoe*, 326 U.S. at 316). The United States Supreme Court has held that "critical to due process analysis" is "foreseeability," specifically whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

HBNO and Burch have virtually no contacts in Indiana. They conduct nominal or no business in Indiana, and all of their business with Taylor's Naturals was directed to Arizona. HBNO and Burch had no knowledge or reason to know how Taylor's Naturals would use their component products, much less that Taylor's Naturals end-product would be sold in Indiana. Plaintiffs do not dispute HBNO and Burch's arguments, and they expressly do not oppose the dismissal of HBNO and Burch (Filing No. 78 at 2; Filing No. 84 at 2). Accordingly, the Court finds that it lacks personal jurisdiction over HBNO and Burch and **grants** their unopposed Motions to Dismiss.

Having determined that the Court lacks personal jurisdiction over HBNO and Burch, the Court evaluates whether transfer of Plaintiffs' claims against them is required under 28 U.S.C. § 1631. "[W]hen federal courts find that they lack jurisdiction, they bear an independent obligation under § 1631 to consider whether to transfer the case." *North v. Ubiquity, Inc.*, 72 F.4th 221, 228 (7th Cir. 2023). Section 1631 provides that if a court finds that it lacks jurisdiction, it must transfer the action to a proper forum "if it is in the interest of justice." 28 U.S.C. § 1631.

5

In their supplemental position statements, HBNO and Burch argue that dismissal rather than transfer is appropriate for a variety of reasons (Filing No. 96; Filing No. 97). In response, Plaintiffs confirm that they "do not intend to pursue their claims against [HBNO] or [Burch] in any other court" and therefore "do not request or consent to the transfer of their claims against HBNO or Burch to another district." Based on Plaintiffs' position statement alone, the Court finds that transfer is not required by the interest of justice. Accordingly, the claims against HBNO and Burch are **dismissed without prejudice** for lack of personal jurisdiction.

**B.        Plaintiffs' Request for Conditional Dismissal**

Plaintiffs ask the Court to condition the dismissal of HBNO and Burch on Taylor's Naturals being precluded from identifying HBNO or Burch as liable nonparties under Indiana's Comparative Fault Act. The Comparative Fault Act permits defendants to "assert as a defense that the damages of the claimant were caused in full or in part by a nonparty." Ind. Code § 34-51-2-14. Plaintiffs explain that they joined HBNO and Burch as defendants because Taylor's Naturals identified them as responsible nonparties, and the "revival of the nonparty defense" after HBNO and Burch's dismissal would unfairly "allow[] fault to be shifted to an absent entity without opportunity for defense or full evidentiary development." (Filing No. 78 at 3–4). Plaintiffs also argue that a conditional dismissal would "avoid[] later motions to strike or for summary judgment on the [nonparty] defense." *Id.* at 4. HBNO and Burch take no position on Plaintiffs' request for a conditional dismissal, and Taylor's Naturals has not filed anything indicating its position either.

Plaintiffs argue that the Court has "inherent discretion to impose conditions on a dismissal for lack of personal jurisdiction to ensure fairness and prevent gamesmanship." (Filing No. 78 at 3). In support, Plaintiffs cite Federal Rule of Civil Procedure 41(b) and two cases, *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), and *Marlow v. Winston &*

*Strawn*, 19 F.3d 300, 304 (7th Cir. 1994). None of these authorities is applicable or shows that the Court has authority to place any conditions on dismissals for lack of personal jurisdiction.

Rule 41(b), in part, merely restates the well-settled principle that a dismissal for lack of jurisdiction is typically not an adjudication on the merits. And in *Semtek*, the Supreme Court held that the preclusive effect of a federal dismissal "on the merits" is a matter of federal common law. 531 U.S. at 508. The *Semtek* Court did not address conditional dismissals. Further, in *Marlow*, the Seventh Circuit Court of Appeals reviewed a district court's dismissal pursuant to Rule 41(a)—not Rule 41(b) or any "inherent authority." Rule 41(a)(2), which governs voluntary dismissals of entire actions, expressly provides that "an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*." Fed. R. Civ. P. 42(a)(2) (emphasis added). Here, while Plaintiffs concede that the Court lacks personal jurisdiction over HBNO and Burch, Plaintiffs are not voluntarily dismissing this action under Rule 41(a). The claims against HBNO and Burch are being dismissed for a lack of personal jurisdiction pursuant to Rule 12(b)(2). This case is therefore not governed by Rule 41(a), and *Marlow* is entirely inapplicable.

Plaintiffs fail to cite any rule or caselaw showing the Court has authority to place conditions on dismissals of lack of personal jurisdiction. The Court's own research has uncovered no basis for any such authority. Accordingly, Plaintiffs' request to condition the dismissal of HBNO and Burch is **denied**. Plaintiffs must address whether HBNO and Burch are "nonparties" under the Comparative Fault Act through motions practice.

### IV.    CONCLUSION

For the reasons explained above, the Court **GRANTS** HBNO and Burch's Motions to Dismiss for Lack of Personal Jurisdiction (Filing No. 72: Filing No. 80). Plaintiffs' claims against HBNO and Burch are **dismissed without prejudice** for lack of personal jurisdiction.

The **Clerk is directed** to terminate Defendant IL Health & Beauty Natural Oils Co., Inc. d/b/a Health & Beauty Natural Oils' and Defendant Burch Bottle & Packaging, Inc. as parties on the Docket.

**SO ORDERED**.

Date:    4/24/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Nicholas Blake Alford
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
nicholas.alford@faegredrinker.com

Azza Ben Moussa
abenmoussa@lewiswagner.com

Kaylee F. Collins
Ward, Hocker & Thornton, PLLC
kaylee.collins@whtblaw.com

Dina M. Cox
LEWIS WAGNER, LLP
dcox@lewiswagner.com

Virginia Fuentes
Virginia Fuentes Law, APC
virginia@vfuentes.law

Amy Stewart Johnson
FBT Gibbons LLP
asjohnson@fbtgibbons.com

Kip S.M. McDonald
FAEGRE DRINKER BIDDLE & REATH LLP (Indianapolis)
Kip.McDonald@Faegredrinker.com

Pamela A. Paige
Plunkett Cooney, P.C.
ppaige@plunkettcooney.com

8

Todd D. Small
FBT Gibbons LLP
tsmall@fbtgibbons.com

Edward M. Smid
SMID LAW LLC
esmid@smidlaw.com

Maxwell David Smith
WARD, HOCKER & THORNTON, PLLC
max.smith@whtblaw.com

Lukas K. Stoutenour
Faegre Drinker
lukas.stoutenour@faegredrinker.com

Noah Matthew Tallman
Frost Brown Todd
ntallman@fbtlaw.com